IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Allen Peterson, | ) | Civil No. 0:19-cv-83 |
| | ) | |
| Plaintiff, | ) | Judge: Donovan W. Frank |
| | ) | |
| v. | ) | Magistrate: Tony N. Leung |
| | ) | |
| SMG, a Pennsylvania General | ) | |
| Partnership, Metropolitan Sports | ) | |
| Facilities Authority, and Hansen Bros. | ) | |
| Fence, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT AND DEMAND
FOR JURY TRIAL**

COMES NOW the plaintiff and, for his first amended complaint against the

defendants, alleges as follows:

Parties, Jurisdiction, and Background Facts

1.      Allen Peterson ("Peterson") is a resident of Montana.

2.      SMG ("SMG") is a Pennsylvania General Partnership that does

business in Minnesota.

3.      Metropolitan Sports Facilities Authority ("Authority") is a body

corporate located in Minnesota and has its principal office in Minnesota.

4.      Hansen Bros. Fence, Inc., ("Hansen") is a Minnesota business

corporation that does business in Minnesota and has its principal office in Brooklyn

Center, Minnesota.

5.      The events giving rise to this lawsuit took place in Minneapolis,

Minnesota.

6. The amount in controversy exceeds $75,000.00.

7. This court has jurisdiction over the parties because the causes of action arise from an incident that took place in Minnesota and because the defendants have their principal places of business in Minnesota.

8. This court has jurisdiction over the causes of action under 28 U.S.C. § 1332(a)(1).

9. This is the proper venue for this action under 28 U.S.C. 1391(b)(2).

10. At all relevant times, Authority owned, occupied, operated, and/or controlled premises in Minneapolis, Minnesota, at which there is a facility commonly known as U.S. Bank Stadium, at which the game of American gridiron football is occasionally played.

11. At all relevant times, SMG managed, operated, and/or controlled U.S. Bank Stadium.

12. At all relevant times, SMG was bound to indemnify the entities that owned, occupied, managed, operated, and/or controlled U.S. Bank Stadium.

13. At all relevant times, Hansen installed, maintained, and/or controlled crowd control fences on the U.S. Bank Stadium premises.

14. On or about August 28, 2016, Peterson was on the U.S. Bank Stadium premises, in possession of a ticket to see the Minnesota Vikings football team play their first-ever home game in the then-brand-new U.S. Bank Stadium.

15. Peterson tripped on an unmarked, black, concrete support for a crowd-control fence on the U.S. Bank Stadium premises.

16.    Peterson fell down and was injured as a result of tripping on the fence support.

17.    Peterson was not able to attend any part of the August 28, 2016, game between the Vikings and the San Diego Chargers, to which he had a ticket, at which the Vikings actually did play an entire game of American gridiron football, and which the Vikings won by a score of 23 to 10. Peterson was not able to join the enthusiastic crowd, including members of his own family with whom he was travelling, in chanting SKOL at this historic Vikings win.

18.    Peterson has suffered and will in the future suffer economic and noneconomic damages as a result of his injuries, in an amount to be proved at trial but not less than $500,000.00.

### Count I – Negligence

19.    The foregoing allegations are incorporated herein by reference.

20.    The defendants owed a duty to exercise reasonable care so as not to injure Peterson or place him in the way of harm.

21.    The defendants breached their duty of care.

22.    The defendants' breach of their duty of care directly and proximately caused Peterson to suffer damages in an amount to be proved at trial.

### Count II – Premises Liability

23.    The foregoing allegations are incorporated herein by reference.

24.    The defendants controlled the premises where Peterson was injured.

25.    The defendants failed to make the premises reasonably safe and/or reasonably to warn Peterson of the dangerous condition that existed thereon.

26.     Peterson was injured by the dangerous condition on the premises.

27.     Peterson's injury directly and proximately caused him to suffer

damages in an amount to be proved at trial.

### Prayer for Relief

WHEREFORE Peterson prays for relief as follows:

1.  For judgment against the Defendants for his past and future economic and noneconomic damages in an amount to be proved at trial but not less than $500,000.00;

2.  For his costs, disbursements, and, if and to the extent allowed by applicable law, reasonable attorney fees herein; and

3.  For such other relief as the Court deems just and owing in the circumstances.

### Demand for Jury Trial

The plaintiff demands a trial by jury on all issues that may be tried to a jury

herein.

Dated this 7th day of March, 2019.

/s/ Ariston E. Johnson
Ariston E. Johnson, MN Bar #0389485
ari@dakotalawdogs.com
Johnson & Sundeen
P.O. Box 1260
Watford City, ND 58854
(701) 444-2211