IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

---

Allen Peterson,

               Plaintiff,

v.

SMG, a Pennsylvania General Partnership, Metropolitan Sports Facilities Authority, and Hansen Bros. Fence, Inc.,

               Defendants.

Civil No.: 0:19-cv-83

Judge: Donovan W. Frank

Magistrate: Tony N. Leung

**RULE 26(f) REPORT AND PROPOSED SCHEDULING ORDER**

---

The counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules, on **April 30, 2019**, and prepared the following report.

The initial pretrial conference required under Fed. R. Civ. P. 16 and LR 16.2 is scheduled for **May 20, 2019**, before the United States Magistrate Judge Tony Leung in Room 9W, of the U.S. Courthouse in Minneapolis, Minnesota. The parties request that the pretrial be held by telephone.

(a)    Description of the Case.

    (1)    Concise factual summary of plaintiff's claims:

        **The plaintiff claims damages for personal injury suffered in a fall that he alleges was caused by a dangerous condition on premises controlled by MFSA and SMG, specifically a fence support that was placed there by Hansen Bros. Fence.**

    (2)    Concise factual summary of defendant's claims/defenses:

        **Metropolitan Sports Facilities Authority (MSFA) and SMG**

        **Defendants MSFA and SMG respectively own and manage U.S. Bank Stadium.  U.S. Bank Stadium contracted with co-defendant Hansen Bros. Fence, Inc. to put up temporary crowd control fencing.  Both MSFA and SMG deny the fencing constituted a dangerous condition on the property.**

**Hansen Bros. Fence, Inc.**

**Defendant Hansen Bros. Fence, Inc. denies that it was negligent in the installation of the fence and denies that it has any duty or liability with respect to the condition of the premises.  Hansen Bros. Fence is still evaluating additional defenses at this time, including but not limited to the contributory fault and negligence of the Plaintiff.**

(3)     Statement of jurisdiction (including statutory citations):

**This is a diversity case. The plaintiff is a citizen of the state of Montana. None of the defendants is a citizen of the state of Montana. Jurisdiction is under 28 U.S.C. 1332(a)(1).  Venue is proper under 28 U.S.C. 1391(b)(2) because the events giving rise to the action took place within Minnesota.**

(4)     Summary of factual stipulations or agreements:

(5)     Statement of whether a jury trial has been timely demanded by any party:

**A timely jury demand has been made by Plaintiff and Defendants MSFA and SMG.**

(6)     Statement as to whether the parties agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable:

**The parties do not agree to resolve the matter under the Rules of Procedure for Expedited Trials.**

(b)     Pleadings.

Statement as to whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action:

(c)     Fact Discovery.

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

(1)     The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before **May 24, 2019**.

(2)     The parties must complete any physical or mental examinations under Fed. R. Civ. P. 35 by **March 2, 2020**.

(3)     The parties must commence fact discovery procedures in time to be completed by **February 21, 2020**.

(4)     The parties propose that the Court limit the use and numbers of discovery procedures as follows:

    (A)   __25__   interrogatories;

    (B)   __15__   document requests;

    (C)   __10__   factual depositions;

    (D)   __15__   requests for admissions;

    (E)   __2__   Rule 35 medical examinations; and

    (F)   __N/A__   other.

(d)   Expert Discovery.

(1)     The parties anticipate that they [will/will not] require expert witnesses at the time of trial.

    (A)   The plaintiff anticipates calling (3) experts in the fields of:

        **The plaintiff anticipates calling his treating physicians as well as three (3) experts in the fields of Orthopedic Medicine, Human Factors, and Premises Liability/Facility Management.**

    (B)   The defendant anticipates calling (2) experts in the fields of:

        **Orthopedics and Premises Liability/Facility Management**

(2)     The parties propose that the Court establish the following plan for expert discovery:

    (A)   Initial experts.

        (i)   Plaintiff shall disclose the identity of any expert who may testify at the time of trial and provide a written report in accordance with Fed. R. Civ. P. 26(a)(2)(B) on or before **February 28, 2020.**

        (ii)   Defendants shall disclose any expert who may testify at the time of trial and provide a written report in accordance with Fed. R. Civ. P. 26(a)(2)(B) on or before **March 27, 2020.**

    (B)    Rebuttal experts.

        (i)    The identity of any experts who may testify in rebuttal to any initial expert must be disclosed on or before **April 15, 2020**.

        (ii)    Any rebuttal expert's written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before **April 30, 2020**.

(3)    All expert discovery must be completed by **May 1, 2020**.

(e)    Other Discovery Issues.

    (1)    Protective Order. The parties have discussed whether they believe that a protective order is necessary to govern discovery and jointly submit a [proposed protective order/report identifying areas of disagreement].

        **The parties do not anticipate the need for a protective order.**

    (2)    Discovery of Electronically Stored Information. The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form in which it should be produced. The parties have reached the following agreements and identified the following issues:

        **The parties do not anticipate any issues with discovery of electronically stored information.**

    (3)    Claims of Privilege or Protection. The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, as required by Fed. R. Civ. P. 26(f)(3)(D), including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evidence 502. The parties request the Court to include the following agreement in the scheduling order:

        **The parties agree to make privilege and work product objections at the time of serving discovery responses and to provide a privilege log for documents alleged to be protected.**

    (4)    The parties:

        ☒    agree that a party should be required to request an informal conference with the Court before filing a discovery motion;

        ☐    agree that a party should not be required to request an informal conference with the Court before filing a discovery motion; or

☐      do not agree whether a party should be required to request an informal conference with the Court before filing a discovery motion.

(f)     Proposed Motion Schedule.

The parties propose the following deadlines for filing motions:

(1)     Motions seeking to join other parties must be filed and served by **July 1, 2019**.

(2)     Motions seeking to amend the pleadings must be filed and served by **September 1, 2019**.

(3)     All other non-dispositive motions must be filed and served by **May 1, 2020**.

(4)     All dispositive motions must be filed and served by **June 1, 2020**.

(g)     Trial-Ready Date.

(1)     The parties agree that the case will be ready for trial on or after **September 1, 2020**.

(2)     The parties propose that the final pretrial conference be held on or before **September 1, 2020**.

(h)     Insurance Carriers/Indemnitors.

**Berkshire Hathaway Specialty Insurance – MSFA and SMG
Capitol Indemnity Corporation – Hansen Bros. Fence**

(i)     Settlement.

The parties will discuss settlement before the initial pretrial conference, by the plaintiff making a written demand for settlement and each defendant making a written response/offer to the plaintiff's demand.

•      The parties propose that a settlement conference be scheduled to take place before **September 1, 2020**.

•      The parties have discussed whether alternative dispute resolution will be helpful to the resolution of this case and recommend the following:

**Private Mediation**

(j)     Trial by Magistrate Judge.

The parties **have not** agreed to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c), the consent form has been filed contemporaneously with this Rule 26(f) Report.


Dated: May 6, 2019.                    JOHNSON & SUNDEEN

                                       /s/ Ariston E. Johnson
                                       Ariston E. Johnson (#0389485)
                                       P.O. Box 1260
                                       Watford City, ND 58854
                                       ari@dakotalawdogs.com
                                       (701) 444-2211

                                       ***Attorneys for Plaintiff Allen Peterson***



Dated: May 6, 2019.                    MEAGHER & GEER, P.L.L.P.

                                       /s/ John C. Hughes
                                       John C. Hughes (#185929)
                                       33 South Sixth Street, Suite 4400
                                       Minneapolis, MN 55402
                                       jhughes@meagher.com
                                       (612) 338-0661

                                       ***Attorneys for Defendants SMG and
                                       Metropolitan Sports Facilities Authority***

Dated: May 6, 2019.                    GREGERSON, ROSOW, JOHNSON & NILAN, LTD.

                                       /s/ Daniel A. Ellerbrock
                                       Joseph A. Nilan (#121277)
                                       Daniel A. Ellerbrock (#390239)
                                       100 Washington Avenue South
                                       Suite 1550
                                       Minneapolis, MN 55401
                                       jnilan@grjn.com
                                       dellerbrock@grjn.com
                                       (612) 338-0755

                                       ***Attorneys for Defendant Hansen Bros. Fence***


# THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK

12756637